**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSE CABRERA-CRUZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-02532-JLT-SAB

A-Number: 244-235-979

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 10.)

Jose Cabrera-Cruz is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Docs. 1, 10.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Mexico. He entered the United States on or about October 24, 2023, where he was encountered by U.S. Border Patrol near San Ysidro, California. (Doc. 13-1 at 9.) Petitioner was issued a Notice to Appear, charging him as removable pursuant to under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of valid entry documents at the time of application for admission. (Doc. 1 at 23-26; Doc. 10 at 7-8, ¶ 11.)

He was then paroled into the United States. (Doc. 13-1 at 9)

In August 2024, Petitioner was arrested and charged with indecent exposure (Cal. Penal Code § 314(1)) and disorderly conduct/soliciting a lewd act in public (Cal. Penal Code § 647(a)). (Doc. 10 at 8, ¶ 14; Doc. 13-1 at 9-10.) On January 10, 2025, Petitioner was arrested by the Fresno Police Department and booked into Tulare County Jail for public intoxication. (Doc. 13-1 at 8.) On February 10, 2025, Petitioner was arrested and charged with violating Cal. Penal Code § 372 (committing a public nuisance) and Cal. Penal Code § 602(O) (trespass: refusing to leave property). (Doc. 13-1 at 9-10) On March 15, 2025, Petitioner was arrested and charged with violating Cal. Penal Code § 647(F) (disorderly conduct: intox drug/alcohol). (*Id.*) On March 26, 2025, Petitioner was arrested by the Tulare County Sheriff's Department for indecent exposure. (*Id.*)

On July 2, 2025, Petitioner's charge for disorderly conduct/soliciting a lewd act in public was dropped. (*Id.*) On July 7, 2025, proceedings for Petitioner's charges for indecent exposure, committing a public nuisance, trespassing, and disorderly conduct were all suspended pursuant to California Penal Code § 1370 due to a judicial finding of mental incompetency to stand trial. (Doc. 10 at 8, ¶ 8.; Doc. 13-1 at 9-10.) Petitioner was released into ICE custody pursuant to an active detainer on July 8, 2025, where he remains in custody at Golden State Annex Detention Facility in McFarland, California. (Doc. 10 at 9, ¶ 19.) On August 14, 2025, an Immigration Judge found "by a preponderance of the evidence that [Mr. Cabrera-Cruz] is mentally incompetent to represent himself" and ordered the Executive Office for Immigration Review's National Qualified Representative Program to provide him with a qualified representative. (Doc. 1 at 40.) Petitioner has been in immigration custody for over a year and has yet to receive a bond hearing. (*Id.*)

On April 4, 2026, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1.) On April 17, 2026, the assigned magistrate judge in this case appointed counsel for Petitioner, and on May 11, 2026, Petitioner through his appointed counsel filed a First Amended Petition for Writ of Habeas Corpus. (Doc. 10.) On July 6, 2026, Respondents filed an answer to the First

Amended Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally*, Doc. 13.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 13 at 2-4.) Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (Doc. 13 at 2-4.)

However, that is not the end of the inquiry. Respondents further argue that Petitioner was properly re-detained because he "had an encounter with law enforcement" and "had a period of release terminated because of the law enforcement encounter." (*Id*. at 3.) Although Petitioner's charges have been dropped or suspended pursuant to a finding of mental incompetency to stand

trial, this Court finds that Respondents may well have a legitimate interest in Petitioner's detention based on the nature and recency of Petitioner's encounters with law enforcement. "That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026); *see also Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated her flight.") Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision. The Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **<u>At least 72 hours before</u>** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **<u>at least 72 hours before</u>** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _August 25, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE